IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLIFTON JACKSON, HELEN NOEL and
WILLIAM NOEL                                                                                          PLAINTIFFS

vs.                                                                   Civil Action No. 3:20-cv-719-DPJ-FKB

CITY OF JACKSON                                                                                       DEFENDANT

## COMPLAINT

### (Jury Trial Demanded)

**COMES NOW**, the Plaintiffs, Reverend Clifton Jackson, Helen Noel, and William Noel, by and through counsel, and file this action on their own behalf and on behalf of a class of consumers of the City of Jackson's Water/Sewerage utilities.

### I.

### Introduction

1.  This action arises from the City of Jackson breaching its contractual duty to provide water and sewer service and violating its citizens' constitutional rights regarding this property right.

### Parties

2.  Reverend Clifton Jackson is a resident of the City of Jackson, Mississippi.

3.  Helen and William Noel ("The Noels") are residents of the City of Jackson, Mississippi.

## II.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because of the deprivation of rights of the Plaintiffs and the proposed class members under 42 U.S.C. § 1983.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## III.

## Factual Allegations

### A. *City of Jackson vs. Siemens Industry, Inc., et al*

6. On June 11, 2019, the City of Jackson filed its lawsuits against Siemens Industry Inc. and other defendants regarding the City's automated water and billing system. See Exhibit 1, the Complaint of *City of Jackson vs. Siemens Industry, Inc., et al.,* Ca No. 25CI1:19-cv-00375 (Hinds County Cir. Ct. 2019).

7. The City of Jackson alleged that Siemens breached this contract because "[m]ore than half of the 60,000 water meters were installed incorrectly, causing . . . ongoing problems with accurately measuring and billing for water usage by the City's customers." *Id.* at p. 6. The City's complaint also states that its "billing system was not set up appropriately to address the thousands of faulty meter readings, which resulted in accounts becoming 'stranded' in the system." *Id.*

8. The City further admitted that its "metering system has repeatedly generated grossly inaccurate bills and, in some instances, failed to generate bills at all." *Id.* The City estimated "that at least 10,000 of the 60,000 meters installed by Siemens are not functioning correctly." *Id.* Finally, the City stated that its water meters incorrectly read "gallons instead of the appropriate cubic-feet reading." *Id.* at 15. These defective water meters caused the citizens of Jackson to

"receive no bill at all for significant periods of time, only to eventually receive an unusually high bill based on months of purported water usage." *Id.*

9. The Mayor of Jackson announced that the City had settled its litigation against Siemens Industry, Inc., for over $89 million.  https://www.wlbt.com/2020/02/19/watch-live-mayor-chokwe-antar-lumumba-shares-major-announcement-jackson-city-hall/

### B. *Poindexter Park After-School Club, et al. vs. Siemens Industry, Inc.*

10. A proposed class action of residents of the City of Jackson filed suit against Siemens Industry, Inc., in *Poindexter Park After-School Club, et al. v. Siemens Industry, Inc.,* CA No. 3:319cv474TSL-LSA, (S.D. Miss June 2, 2020). In the Memorandum Opinion and Order granting the Defendants' motion to dismiss, Senior United States District Judge Tom Lee concluded that the plaintiffs did not have to exhaust administrative procedures of the Mississippi Public Service Commission because "Mississippi Code Annotated § 77–3–1 exempts municipally-owned or operated public utilities from regulation by the PSC." *Id.* at 8, FN8 citing *Mississippi Pub. Serv. Comm'n v. City of Jackson*, 328 So. 2d 656, 658 (Miss. 1976).

11. The District Court also found that the City's "Water and Sewer Customer Bill of Rights," in which the City admitted to the problems plaguing its water-sewer/billing systems, provided "no detail whatsoever as to how the appeal process was to work, what the appeal would entail, or the nature of any relief that was contemplated or available." *Poindexter* at 14-15. Since this appeal process "does not appear to provide a plain, speedy, adequate and complete remedy," it does not have to be exhausted. *Id.* at 15.

### C. Reverend Clifton Jackson

12. Reverend Clifton Jackson resides in the City of Jackson and is a consumer of its Water/Sewer utilities. Mr. Jackson did not receive a bill for a couple of years. When the City of Jackson finally sent Reverend Jackson his bill, the bill almost totaled $3,960.81. See Exhibit 2, Reverend Jackson's Water Bill. Reverend Jackson's average water usage is approximately $60.00 a month, evidenced by his water bill. *Id.* To accumulate a water bill of approximately $4,000, Mr. Jackson would have to use 66 times more than usual.

### D. The Noels

13. The Noels reside in the City of Jackson and are consumers of its Water/Sewer utilities. They hired a plumber to fix a broken pipe on their property on or about October 4, 2019. See Exhibit 3, Invoice from Carl Plumbing. The Noels applied for a credit adjustment according to the City of Jackson's Evaluation of Water Adjustment Policy. Exhibit 4, City of Jackson's Evaluation for Water Adjustment. The City of Jackson denied the request because the Noels did not provide their phone number, and they did not provide specifics of the leak, "i.e., a broken pipe under the house, common leak, leak under the sink, leaving the faucet, etc." See Exhibit 5, Letter from the City of Jackson. Contrary to the City of Jackson's contention, the Noels have provided their phone number and the invoice from Carl Plumbing. As of this date, the City has not responded to this new information.

## IV.

### Class Allegations

14. The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

15. The proposed class is defined as all customers of the City of Jackson's Water/Sewer utilities in the past three years.

16. The Plaintiffs are members of the class they seek to represent, and the Plaintiffs' claims represent the class.

17. The class, as defined above, is sufficiently numerous that joinder of all members is impracticable. There are common issues of law and fact to all of the claims of the class members. A class action represents the easiest and most economical way to declare and notify class members of their rights as set forth herein.

18. Excluded from the class are officers, directors, and employees of the City of Jackson.

19. The proposed class definition is precise, objective, and presently ascertainable, and it is administratively feasible for the court to ascertain whether a particular individual is a member easily.

20. There are questions of law and fact common to the class, and these questions predominate over individual questions.

21. Certification of the class is desirable and proper because the Plaintiffs' claims are typical of the class members that the Plaintiffs seek to represent. Without limitation, the Plaintiffs' claim that the City of Jackson's acts and practices are in breach of the common law and statutory duties alleged herein and are typical of the claims of the members of the class.

22. Certification of the class is desirable and proper because the Plaintiffs will fairly and adequately protect the interests of the class they seek to represent. There are no conflicts of interest between the Plaintiffs and those of other class members, and the Plaintiffs are cognizant of their duties and responsibilities to the class.

23.     The Plaintiffs seek to establish the rights and obligations of the parties with respect to the claims at issue in this case and to enjoin the City of Jackson from continuing to engage in those practices that violate the duties and contractual and legal obligations owed to the Plaintiffs and the class under Mississippi and federal law.

24.     This action is properly maintainable under Federal Rule of Civil Procedure Rule 23(b)(2) because the City of Jackson has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declarative relief appropriate with respect to the class as a whole.  The action is also maintainable under Federal Rules of Civil Procedure Rule 23(b)(3) because there are questions of law and fact common to class members predominate over any questions affecting individual claims.

### V.

### Causes of Action

#### Count I
#### (*Breach of Contract*)

25.     The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

26.     The Plaintiffs and those similarly situated have a contract with the City of Jackson to furnish them water and sewerage service; this contract is a covenant that runs with the land. *Carmichael v. Greenville,* 112 Miss. 426 (Miss. 1916).  The City of Jackson has breached this contract with the Plaintiffs by providing defective water meters, by failing to operate its new water meter system correctly, and by providing inaccurate water bills or no water bills at all.

27.     The City of Jackson's actions constitute a breach of contract, and as a direct and proximate result of the City's breach, the Plaintiffs and those similarly situated have suffered damages in an amount that will be shown at the trial of this matter.

## Count II
### *(VIOLATION OF 42 U.S.C. 1983)*

28. The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

29. The Plaintiffs and those similarly situated have property rights in their continued water/sewerage service because it is a "necessity for safety and comfort in modern-day life." *Tucker v. Hinds County,* 558 So. 2d 869, 874. (Miss. 1990). The City of Jackson cannot disconnect service when there is a "bona fide dispute as to what is owed." *Id.* at 873 (citation omitted.)

30. The City of Jackson violated the Plaintiffs' due process rights (1) by providing no procedural due process for consumer's complaints about erroneous billing; (2) by not disclosing which consumers had defective water meters; (3) by not disclosing how the City of Jackson corrected and refunded the consumers with defective water meters; (4) by not providing consumers with water bills on a timely basis; (5) by disconnecting consumers when there is a bona fide dispute on what is owed; and (6) by not providing a procedural due process which provides "a plain, speedy, adequate and complete remedy" to consumers.

31. As a direct and proximate result of The City of Jackson's violations of the Plaintiffs' due process rights, the Plaintiffs have suffered compensatory damages in an amount that will be shown at the trial of this matter.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, on their own behalf and on behalf of the class, seeks the following relief:

1. Certification of the class, designation of the Plaintiffs as class representatives, and their counsel of record as class counsel;

2. An award of compensatory damages in an amount to be proven at trial;

3. A declaratory judgment that will establish the Plaintiffs' procedural due process rights and contractual rights;

4. Injunctive relief to enjoin the City of Jackson from violating the Plaintiffs' procedural due process rights and contractual rights;

5. An award of all costs and expenses, including but not limited to attorneys' fees, pre-judgment, and post-judgment interest; and,

6. Such other and further relief as the Court deems just and proper.

**Demand for Jury Trial**

A trial by jury as to all claims so triable is hereby demanded.

RESPECTFULLY SUBMITTED,


BY: /s Brent Hazzard_____
Brent Hazzard, MSB # 99721
Emily C. Bradley MSB # 104523
HAZZARD LAW LLC
447 Northpark Drive
Ridgeland, Mississippi 39157
Telephone: (601) 977-5253
Facsimile: (601) 977-5236
brent.hazzard@hazzard.law
emily.bradley@hazzard.law

Ronald E. Stutzman, Jr., (MSB # 101454)
The Stutzman Law Firm, PLLC
106 Luckney Station Road, Suite B
Flowood, Mississippi 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com