IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLIFTON JACKSON, HELEN NOEL and
WILLIAM NOEL                                                                                         PLAINTIFFS

vs.                                                                         Civil Action No. 3:20-cv-719-DPJ-FKB

CITY OF JACKSON                                                                                    DEFENDANT

**PLAINTIFFS AND PROPOSED CLASS'S CONSOLIDATED RESPONSE IN
OPPOSITION OF DEFENDANT CITY OF JACKSON'S MOTIONS
TO DISMISS AND FOR SUMMARY JUDGMENT**

Comes Now, Plaintiffs Clifton Jackson, Helen Noel, and William Noel, and files their response in opposition to Defendant City of Jackson's Motions to Dismiss and Motion for Summary Judgment. Dkt. No. 10 & Dkt. No. 11.

### Introduction

Defendant's motions to dismiss because of lack of subject matter jurisdiction and failure to state a claim fail because (1) Defendant's administrative proceedings are not adequate or complete, (2) Plaintiffs and the proposed class's Section 1983 claims are not required to exhaust administrative remedies, and (3) Defendant has violated the due process rights of Plaintiffs and the proposed class by infringing upon their property rights for a continuation of their utility service, a failure to provide accurate and timely billing, and by failing to provide accurate and timely water meters.

### Allegations of the Complaint

Reverend Clifton Jackson resides in the City of Jackson. Plaintiffs and proposed class's Complaint, Dkt. No. 1 at ¶ 12. Mr. Jackson did not receive a bill for a couple of years. *Id.* When the City of Jackson finally sent Reverend Jackson his bill, the bill almost totaled

$3,960.81. *Id.* Reverend Jackson's average water usage is approximately $60.00 a month, evidenced by his water bill. *Id.* To accumulate a water bill of approximately $4,000, Mr. Jackson would have to use 66 times more than usual. *Id.*

The Noels hired a plumber to fix a broken pipe on or about October 4, 2019. *Id.* at ¶ 13. According to the City of Jackson's Evaluation of Water Adjustment Policy, the Noels applied for a credit adjustment. *Id.* The City of Jackson denied the request because the Noels did not provide their phone number, and they did not provide specifics of the leak, "i.e., a broken pipe under the house, common leak, leak under the sink, leaving the faucet, etc." *Id.* Contrary to the City of Jackson's contention, the Noels provided their phone number and the invoice from Carl Plumbing to the City of Jackson but received no response from the City. *Id.*

Plaintiffs in this matter have sued individually and on behalf of others similarly situated for a breach of contract claim and violations of 42 U.S.C. 1983. *Id.* at ¶ 25- 31. The City of Jackson has violated 42 U.S.C. 1983 (1) by providing no procedural due process for consumer's complaints about erroneous billing; (2) by not disclosing which consumers had defective water meters; (3) by not disclosing how the City of Jackson corrected and refunded the consumers with defective water meters; (4) by not providing consumers with water bills on a timely basis; (5) by disconnecting consumers when there is a bona fide dispute on what is owed; and (6) by not providing a procedural due process which provides "a plain, speedy, adequate and complete remedy" to consumers. *Id.* at ¶ 30.

## Legal Standard

The "question of the exhaustion of administrative remedies is a jurisdictional question." *Poindexter Park After-School Club, et al. v. Siemens Industry, Inc.,* CA No. 3:19-cv-00474-TSL-LRA, * 8, FN7 (S.D. Miss. 2020) citing *Durr v City of Picayune,* 185 So. 3d 1042, 1048 (Miss.

2015). However, a failure to exhaust administrative procedures is "not a jurisdictional prerequisite to suit in federal court." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982)(A lack of an EEOC charge under Title VII is not a jurisdictional bar). Thus, Defendant has filed a motion to dismiss under 12(b)(1) and (12)(b)(6).

    1.    **F.R.C.P. 12(b)(1) Analysis.**

Federal Rule of Civil Procedure 12(b)(1) requires that a court dismiss a claim if the court does not have subject matter jurisdiction over the dispute. F.R.C.P. 12(b)(1). A motion for lack of subject matter jurisdiction under Rule 12(b)(1) must be considered before any motion on the merits because subject matter jurisdiction is required to determine the validity of any claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* Unlike a court considering a Rule 12(b)(6) or Rule 56 motion, district courts have a "unique power . . . to make factual findings which are decisive of [subject matter] jurisdiction" when considering a motion under Rule 12(b)(1) that raises questions of fact relevant to subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981).

    2.    **F.R.C.P. 12(b)(6) Analysis**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." F.R.C.P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). Although

"the pleading standard Rule 8 announces does not require 'detailed factual allegations,'. . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the '"court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)  (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Sullivan,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly,* 550 U.S. at 558).

## ARGUMENT

**I.  Administrative exhaustion is not required in this matter.**

Defendant City of Jackson moves for dismissal because Plaintiffs and the proposed class have failed to exhaust their administrative remedies.  However, this motion must fail because the administrative remedies are not complete or adequate, and the exhaustion of administrative remedies are not required for claims under 42 U.S.C 1983.

 For a Mississippi claim, "generally a complainant must exhaust the administrative remedies available to him before resorting to the courts for resolution . . . . " *Poindexter Park After-School Club, et al. v. Siemens Industry, Inc.,* CA No. 3:19-cv-00474-TSL-LRA, *6 (S.D.

Miss. 2020)[1] citing *Howard v. TotalFina E&P USA, Inc.,* 899 So. 2d 882, 888 (Miss. 2005). Administrative remedies must offer a "plain, speedy adequate and complete relief." *Public Employees Ret. Sys. v. Hawkins,* 781 So. 2d 899, 907 (Miss. 2001). "If an adequate administrative remedy is not provided, then the doctrine of exhaustion is not applicable." *Poindexter Park* at *7 citing *Howard* at 888. If "there is reasonable doubt as to the availability and adequacy of the administrative remedy," then administrative exhaustion is not required. *Poindexter Park* at *7 citing *Lamar Co., L.L.C. v. Mississippi Transp. Comm'n,* 786 F. App'x 457, 461 (5th Cir. 2019).

Defendant claims that Plaintiffs and the proposed class should have exhausted the administrative remedies outlined in its City of Jackson Code of Ordinance Section 122-40[2]. Section 122-40 provides a hearing for any customer that "disputes the accuracy or validity of a bill covering water or sewer services." Section 122-40(e). Section 122-40's administrative hearing will not address Plaintiffs and proposed class's claims regarding (1) damages for providing defective water meters to Plaintiffs and the proposed class; (2) how the City of Jackson corrected and refunded Plaintiffs and the proposed class for the defective water meters; (3) the rights of Plaintiffs and the proposed class to receive bills on a timely basis; and (4) the rights of Plaintiffs and the proposed class from being disconnected while Defendant continues to use the defective water meters. Without providing a complete and adequate remedy to all of Plaintiffs and the proposed class's claims, the City's administrative proceedings do not provide adequate and complete relief, and thus, administrative exhaustion is not required.

---

[1] *Poindexter Park After-School Club, et al. v. Siemens Industry, Inc.,* A No. 3:19-cv-00474-TSL-LRA, * 6 (S.D. Miss. 2020)
[2] *See* https://library.municode.com/ms/jackson/codes/code_of_ordinances?nodeId=COOR_CH122UT_ARTIINGE_S122-5GRWASEAPOUGE

Even if this Court rules that the Defendant's administrative remedy is adequate and complete, it would still not apply to Plaintiffs and the proposed class's Section 1983 claims because "exhaustion of state remedies is not required" for a Section 1983 claim arising from violations of procedural due process. *Bowlby v. City of Aberdeen*, 681 F. 3d 215, 222 (5th Cir. 2012) citing *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982) (*Bowlby* did not go through the appeal process for zoning ordinance to state a cognizable procedural due process claim.) Thus, Defendant's reliance upon Mississippi Code Section 11-51-75 and the Hinds County Chancery Court's Order from *In Re: City of Jackson Water Billing System and Seimens Settlement,* CA No. G-2020-701 (Hinds Chy. Ct. 2020) is misplaced.

## II. The Plaintiffs and the proposed class's due process claims survive a 12(b)(1) and 12(b)(6) analysis.

Defendant moves to dismiss Plaintiffs' and the proposed class's due process claims. According to the Defendant, this is because they only have a property interest regarding "termination of service and disputes over the amount of water bills."

The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV § 1. The procedural component of the Due Process Clause does not protect everything that might be described as a "benefit" or interest. *Town of Castle Rock v. Gonzales,* 545 U.S. 748, 125 S. Ct. 2796, 2803, 162 L. Ed. 2d 658 (2005). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire" and "more than a unilateral expectation of it. He must instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

The Constitution does not create property interests, but they are created and defined by existing rules, state statutes, local ordinances, contractual provisions, or mutually explicit understandings. *Blackburn v. City of Marshall*, 42 F.3d 925, 936-37 (5th Cir. 1995); *Paul v. Davis*, 424 U.S. 693, 709, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). Indeed, when the property interest is not based on a substantive federal law or statute, "the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop v. Wood,* 426 U.S. 341, 344, 96 S. Ct. 2074, 48 L. Ed. 2d 684 (1976).

The Supreme Court has "made clear that the property interests protected by procedural due process extend well beyond actual ownership of real estate, chattels, or money." *Roth*, 408 U.S. at 571-72, 92 S. Ct. 2701. The "types of interests protected as 'property' are varied and, as often as not, intangible, 'relating to the whole domain of social and economic fact.'" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982).  A person has a property right in the "continuance of their utilities."  See *Tucker v. Hinds County*, 558 So. 2d 869, 873-874 (Miss. 1990).  In addition to the "continuance of their services,"  a Jackson ratepayer of water and sewer services "has the right to receive a timely and accurate bill for their water consumption and sewer usage based upon timely and accurate meter readings." *See* City of Jackson Code of Ordinance Section 122-44(d)[3].

Before interference with a property right, due process requires a "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 516  *Mullane v. Central Hanover Bank & Trust Co.,* U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950)

---

[3] https://library.municode.com/ms/jackson/codes/code_of_ordinances?nodeId=COOR_CH122UT_ARTIINGE_S122-5GRWASEAPOUGE

Plaintiffs and the proposed class state a claim for their 1983 claims based on procedural due process violations because they have a property right in the continuation of water and sewer service, a property right in receiving a timely and accurate bill, and a property right in having timely and accurate meter readings.[4]  The City has interfered and continues to interfere with these property rights by (1) not correcting and refunding improper charges collected from defective meters; (2) not providing bills on a timely basis; and (3) not providing notice to Plaintiffs and the proposed class of which consumers used or are using the defective water meters.

With Defendant concealing this information and not providing bills on a timely basis, Plaintiffs and the proposed class have not received proper notice pursuant to due process requirements, so they can have "an opportunity to present their objections" at the proscribed hearing under Section 122-40.  Finally, Plaintiffs and the proposed class obviously have a property interest in the monies the Defendant has not refunded to Plaintiffs and the proposed class from Defendant's use of defective meters.  Defendant cannot keep these overcharges without violating Plaintiffs' and the proposed class's due process rights.

**III.   This Court has supplemental jurisdiction over Plaintiffs' and the proposed class's breach of contract claim.**

With establishing jurisdiction and stating a claim for Plaintiffs' and the proposed class's due process claims, their contract claims are properly before this Court pursuant to supplemental jurisdiction under 28 U.S.C. § 1367.

**IV.   Defendant's Motion for Summary Judgment is Premature.**

Defendant's motion for summary judgment pursuant to Rule 56 is not the proper vehicle to determine if this Court has jurisdiction of Plaintiffs' and the proposed class's claims.

---

[4] Jurisdiction of Section 1983 claims are proper in this Court under 28 USC 1331.

However, if this Court undertakes Defendant's motion for summary judgment, Plaintiffs and the proposed class submit a Rule 56(d) affidavit to deny it, so the parties can complete discovery after this Court has determined class certification issues.

## Conclusion

Because Defendant's administrative proceedings are not adequate or complete, Plaintiffs and the proposed class are not required to exhaust administrative remedies in order to maintain their Section 1983 claims. As Plaintiffs and the proposed class have stated a claim under 42 U.S.C. § 1983, this Court should deny Defendant's motions under 12(b)(1) and 12(b)(6). If this Court considers Defendant's motion under Rule 56, this Court should deny it also until the certification issues are determined and the parties can conduct proper discovery on the matter.

RESPECTFULLY SUBMITTED,

BY: /s Brent Hazzard
Brent Hazzard, MSB # 99721
Emily C. Bradley MSB # 104523
HAZZARD LAW LLC
447 Northpark Drive
Ridgeland, Mississippi 39157
Telephone: (601) 977-5253
Facsimile: (601) 977-5236
brent.hazzard@hazzard.law
emily.bradley@hazzard.law

Ronald E. Stutzman, Jr., (MSB # 101454)
The Stutzman Law Firm, PLLC
106 Luckney Station Road, Suite B
Flowood, Mississippi 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com

## **Certificate of Service**

     I, Brent Hazzard, have served the above document to all counsel of record via ECF on March 29, 2021.

                                                                  s/ <u>Brent Hazzard</u>
                                                                    Brent Hazzard