# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CLIFTON JACKSON, HELEN NOEL and**
**WILLIAM NOEL**                                                                         **PLAINTIFFS**

vs.                                                             Civil Action No. 3:20-cv-719-DPJ-FKB

**CITY OF JACKSON**                                                                      **DEFENDANT**

### DEFENDANT CITY OF JACKSON' REBUTTAL TO THE PLAINTIFFS' RESPONSE IN OPPOSITION TO THE CITY'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

The Defendant City of Jackson (the City), by and through counsel, hereby submits its rebuttal to the Plaintiffs' Response in Opposition to the City's Motion to Dismiss and for Summary Judgment, as follows:

The basis for federal question jurisdiction of this case is the Plaintiffs' allegation that they have been deprived of procedural due process under the Fourteenth Amendment regarding several matters pertaining to their status as customers of the City's Water- Sewer Utility. The Plaintiffs acknowledge that in order for them to assert a procedural due process claim they must possess a protected property interest. In that regard, the Plaintiffs correctly assert that, in Mississippi, customers of municipal utility services such as themselves have a protected due process property interest in the <u>continuance of their utility service</u>, as recognized by the Mississippi Supreme Court in *Tucker v. Hinds County*, 558 So.2d 869, 873 (1990)("continuance of electrical power is a property interest worthy of protection under the due process clause of the Fourteenth Amendment."). The *Tucker* case relies upon *Memphis Light, Gas and Water Div. v. Craft*, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), which is the seminal case involving a property interest of the customer of a public utility. *Memphis Light* held that in the event of a

1

termination of a customer's utility service, procedural due process requires notice to the customer of any pending termination of services and an opportunity for the customer to be heard. *Craft*, 436 U.S. at 13. The notice must advise the customer of the availability of an administrative procedure for protesting a threatened termination of utility services as unjustified. *Id*. at 13-15. Due process requires, at a minimum, the provision of an opportunity for presenting to designated personnel empowered to rectify the error a customer's complaint that they are being overcharged or charged for services not rendered. *Id.* at 16-19.

The Plaintiffs contend that, in addition to their property right in the continuation of water and sewer service recognized in *Tucker,* they also have "a property right in receiving a timely and accurate bill, and a property right in having timely and accurate meter readings."[Doc. 12, p. 7]. The Plaintiffs tie these two alleged property rights to Jackson Code of Ordinances Section 122-44(d), which is entitled "Water and sewer ratepayers bill of rights," and which states "A water and sewer ratepayer has the right to receive a timely and accurate bill for their water consumption and sewer usage based upon timely and accurate meter readings." *Id.* The City submits that these unparticularized statements made in Section 122-44(d) regarding a timely and accurate water bill do not rise to the level of protected property interests. Protected property interests are those that rise to the level of a legitimate claim of entitlement and are not mere expectations. *L & F Homes & Dev., L.L.C. v. City of Gulfport*, *Miss*., 538 F. App'x 395, *17 (5th Cir. 2013) (unpub.). The statements in Section 122-44(d) reflect mere expectations. The City notes that the Plaintiffs have not cited any federal court case holding that a customer has a property interest in a timely and accurate water bill. In *Westbrook v. City of Jackson, Mississippi,* 772 F. Supp. 932 (S.D. Miss. 1991), Judge Lee concluded that for purposes of due process, the plaintiffs there did not possess a property interest in the expectation of receiving

basic municipal services, including fire protection and installation of water lines. *Westbrook*, 772 F. Supp. at 935-36; *see also Ransom v. Marrazzo*, 848 F.2d 398, 411-412 (3rd Cir. 1988)(provision of water and sewer services by a municipality is not a federally protected substantive right). Clearly, the only legally recognized property interest the Plaintiffs have as the City's water customers is continuance of their water utility service, as provided in the *Tucker* case. The City notes that any purported delays concerning the Plaintiffs receipt of water bills would not impact the continuance of their water service, and thus would not prompt any pretermination due process right to notice and a hearing. At the same time, even though there is no property interest at issue, the Plaintiffs, as water customers, remain free to utilize the administrative procedure in Jackson Code of Ordinances Section 122-40 to address any dispute they might have with the City concerning the timeliness and accuracy of their water bills, regardless of whether their water service is threatened with disconnection.

The City's defense to many of the Plaintiffs' due process allegations is that the Plaintiffs have failed to utilize (exhaust) the administrative procedure contained in Jackson Code of Ordinances Section 122-40, the city ordinance for disputing a customer water bill. The Plaintiffs, on the other hand, say that this administrative procedure does not provide a method to address their claims for purported "damages for [the City allegedly] providing defective water meters to Plaintiffs and the proposed Plaintiffs." [Doc. 12, p. 5]. In that regard, the Plaintiffs make no express allegation in their complaint that they have in fact been experiencing problems with defective water meters at their respective residences, and that they have been damaged thereby. Under those circumstances, a serious question arises as to whether the Plaintiffs have suffered any actual injury and therefore lack standing to assert any claim over defective water meters. *Whitfield v. City of Ridgeland*, 876 F.Supp.2d 779,785 (S.D. Miss. 2012) (setting forth criteria

for Article III standing). And, even if the Plaintiffs had actually been supplied defective water meters, then the only damages they conceivably could have suffered would have been inaccurate readings by their meter for water usage, which could have caused them to be overcharged or undercharged. Under that scenario, the Plaintiffs would be able to use Section 122-40 to contest the accuracy or validity of their water bill. Also, as noted above, for purposes of procedural due process, the Plaintiffs only have a property interest recognized under Mississippi law for continuation of water service. The Plaintiffs have made no allegation that they were ever threatened with having their water cut off because of a defective water meter or an inaccurate water bill caused by a defective meter. As noted above, the City's threat of termination of the Plaintiffs' water service would be the only time the due process notice and hearing requirements stated in *Tucker* and *Craft* would apply. The City further submits that the Plaintiffs do not have a property interest in being free from defective water meters. In that regard, the Plaintiffs have produced no legal authority to support the notion that they have a property interest in non-defectives meters separate and apart from their right in *Tucker* and *Craft* to have their water service not terminated unless they first have been supplied notice and an opportunity for an administrative hearing.

The Plaintiffs also state, incorrectly, that they have a property interest in having the City " disclos[e] which consumers had defective water meters" and "how the City of Jackson corrected and refunded Plaintiffs and the proposed class for the defective water meters." [Doc. 12, p. 5]. Simply put, the Plaintiffs do not have a property interest in knowing which of the tens of thousands of water meters belonging to the City might have been defective, and how the City of Jackson might have corrected and refunded the bills of its customers for defective water meters. Also, as noted above, the Plaintiffs have made no specific allegation that they themselves

4

had defective water meters, and how any correction or refund to their water bill because of a meter defect might have occurred.

The Plaintiffs also incorrectly state that Jackson Code of Ordinances Section 122-40 "will not address…. the rights of Plaintiffs and the proposed class from being disconnected while Defendant continues to use the defective water meters." [Doc. 12, p. 5].  The ordinance, however, provides a procedure for a customer to dispute a water bill, by "submit[ting] a request for administrative hearing to the WSBA [Water/Sewer Business Administration] manager." This procedure could reasonably include a dispute over whether the customer's water meter is defective and as a consequence the customer is being incorrectly charged for water usage. Moreover, Section 122-40 states that "Immediately following the receipt of the [customer's] request for hearing, the WSBA manager shall discontinue the cut off process until the complaint is resolved in accordance with provisions herein." (Emphasis added). In other words, the Plaintiffs would not have their water disconnected during the pendency of the customer's dispute over a defective water meter. This stay of termination of water service is the specific guarantee afforded water customers under *Tucker* and *Memphis Light*.

The Plaintiffs cite *Bowlby v. City of Aberdeen*, 681 F. 3d 215(5th Cir. 2012) for the proposition that the exhaustion doctrine  does not apply to a Section 1983 claim alleging denial of procedural due process. [Doc. 12, p. 6].   In *Bowlby*, the plaintiff was issued permits by the Aberdeen Planning and Zoning Board to operate a "Sno Cone" hut inside the city limits. *Bowlby*, 681 F. 3d at 236. Two months later, the Planning Board met and decided to revoke the permits it had issued to the plaintiff, without informing the plaintiff of the meeting or that the Board would be reviewing her permits. *Id.* at 237. The district court granted a Rule 12(b)(6) motion dismissing

5

the plaintiff's procedural due process claim, and the plaintiff appealed.[1] *Id.* at 238. The Fifth Circuit determined that because the plaintiff "was due predeprivation process, she suffered a due process injury when the City revoked her business permits, notwithstanding the fact that they may have been reinstated at some later date had she appealed the Board's decision." *Id.* at 239.

*Bowlby* has no application to this civil action. *Bowlby* involved termination of a permit without notice and a hearing beforehand. The Plaintiffs' complaint in this case has nothing to do with failure to provide notice and an administrative hearing prior to termination of water service, simply because these Plaintiffs have never had their water cut off.

At page 8 of their written response, the Plaintiffs make a last ditch attempt at keeping their case alive, making varied, ad hoc allegations, none of which are procedural due process claims. These legally baseless claims are stated as follows:

> The City has interfered and continues to interfere with these property rights by (1) not correcting and refunding improper charges collected from defective meters; (2) not providing bills on a timely basis; and (3) not providing notice to Plaintiffs and the proposed class of which consumers used or are using the defective water meters. With [the City] concealing this information and not providing bills on a timely basis, Plaintiffs and the proposed class have not received proper notice pursuant to due process requirements, so they can have "an opportunity to present their objections" at the proscribed (sic) hearing under Section 122-40. Finally, Plaintiffs and the proposed class obviously have a property interest in the monies

---

[1] The district court held that Bowlby "has not yet been denied such process," because her "pre-deprivation hearings are the appeal to the Mayor and Board of Alderman and if necessary, to the circuit court that serves as an appellate court for the decision." Since her "property interest has not been effectively destroyed, as the Mayor and Board of Alderman could theoretically disagree with the Zoning Commission's decision tomorrow," a "[d]eprivation by the state has not yet occurred." 681 F.2d at 221.

>  the Defendant has not refunded to Plaintiffs and the proposed class from
>  Defendant's use of defective meters. Defendant cannot keep these overcharges
>  without violating Plaintiffs' and the proposed class's due process rights.

[Doc. 12, p. 8].  The City's blanket response to the above paragraph is that none of these allegations implicate any due process rights of the Plaintiffs regarding the continuation of their water services.

The City asserts that the Court can decide its motion to dimiss case under Rule 12(b) (1) or Rule 12(b) (6) and doesn't need to resort to Rule 56. Notably, the Plaintiffs also agree with this approach, stating in their response that "Defendant's motion for summary judgment pursuant to Rule 56 is not the proper vehicle to determine if this Court has jurisdiction of Plaintiffs' and the proposed class claims." [Doc. 12, p.p 8-9].

The City moved for summary judgment as an alternative to its Rule 12 motion because it had submitted a sworn declaration of Carla Dazet of the City's Water Sewer Business Administration, which had attached to it the written internal procedures used by the Water Sewer Business Administration for handling customer requests for administrative hearings. [Doc. 10-7].  The sworn declaration also contained Ms. Dazet's representation that the Plaintiffs have not made a written request for an administrative hearing regarding any dispute they have over the accuracy, validity, or adjustment of any of their monthly or accumulated bills for water and sewer service. *Id.* Even if the Court elects to treat the Plaintiff's motion as one for summary judgment, the Rule 56(d) affidavit of Plaintiffs' counsel in support of additional discovery [ Doc. 13] does not ask for any documents that are relevant to their property right in continuation of water service to the Plaintiffs, which is the only property interest afforded to them. Under these

circumstances, the Court should not grant the discovery request contained in the Rule 56(d) affidavit of Plaintiffs' counsel.

As set forth in the above arguments and those set forth in its original brief, the Plaintiffs have failed to exhaust the administrative procedure provided in Jackson Code of Ordinances Section 122-40 and, therefore, their complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim for which relief can be granted under Rule 12(b)(6). Additionally, the Plaintiffs have failed to state legally or factually cognizable federal due process claims, thereby requiring dismissal under Rule 12(b)(6). Moreover, the Court should deny the Plaintiffs' Rule 56(d) discovery request. Finally, the Plaintiffs' pendent breach of contract claim should be dismissed because the federal procedural due process claim, which provides original subject matter jurisdiction for the case, is being dismissed.

This the 12th day of April, 2021.

Respectfully submitted,

**DEFENDANT**
**THE CITY OF JACKSON, MISSISSIPPI**

*/s/Samuel L. Begley*
Samuel L. Begley, Esq,
*One of its attorneys*

OF COUNSEL:

Lee D.Thames, Jr., Esq.
(Miss. Bar No. 10314)
Special Assistant to the City Attorney
OFFICE OF THE CITY ATTORNEY
455 East Capitol Street

8

Post Office Box 2779
Jackson, Mississippi 39207-2779
601/960-1799 (office)
601/960-1756 (facsimile)

Samuel L. Begley, Esq.
(Miss. Bar No. 2315)
BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
Tel: 601-969-5545
begleylaw@gmail.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, Samuel L. Begley, certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which gave notice of same to the following:

>Brent Hazzard, MSB # 99721
>Emily C. Bradley MSB # 104523
>HAZZARD LAW LLC
>447 Northpark Drive
>Ridgeland, Mississippi 39157
>Telephone: (601) 977-5253
>Facsimile: (601) 977-5236
>brent.hazzard@hazzard.law
>emily.bradley@hazzard.law
>
>Ronald E. Stutzman, Jr., (MSB # 101454)
>The Stutzman Law Firm, PLLC
>106 Luckney Station Road, Suite B
>Flowood, Mississippi 39232
>Telephone: (769) 208-5683
>Facsimile: (601) 202-3022
>rstutzman@stutzmanlawfirm.com

Certified,this the 12th day of April, 2021.

>/s/Samuel L. Begley
>Samuel L. Begley, Esq.