UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLIFTON JACKSON, HELEN NOEL and
WILLIAM NOEL                                                                                           PLAINTIFFS

vs.                                                                          Civil Action No. 3:20-CV-719-DPJ-FKB

CITY OF JACKSON                                                                                    DEFENDANT

ORDER

Plaintiffs Clifton Jackson, Helen Noel, and William Noel sued the City of Jackson (the City) for alleged breach of contract and deprivation of due-process rights related to their water bills. The City has moved the Court to dismiss those claims. Def.'s Mot. [10] at 1. Having thoroughly considered the parties' submissions, the Court desires additional briefing as follows.

I.      Exhaustion-Type Issues

The Court is not convinced that the Mississippi-law cases the City cited for its exhaustion argument apply under 42 U.S.C. § 1983. *See, e.g.*, Def.'s Mem. [11] at 5 (citing *Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 479 (5th Cir. 2003) (applying Mississippi law that required exhaustion in certain bad-faith claims)). And unless the Court missed something, the only case the City cited that addresses federal due-process claims acknowledges that "Plaintiff's failure to exhaust her administrative remedies does not bar her constitutional due process claim." *S. Cent. Reg'l Med. Ctr. v. Press Ganey Assocs., Inc.*, 923 F. Supp. 2d 897, 906 n.17 (S.D. Miss. 2013) (quoting *Rogan v. Lewis*, 975 F. Supp. 956, 966 n.14 (S.D. Tex. 1997)); *accord Bowlby v. City of Aberdeen*, 681 F.3d 215, 222 (5th Cir. 2012). If the City wishes to pursue an exhaustion defense, it must present relevant legal authority applying an exhaustion requirement to a procedural-due-process claim under § 1983.

That said, some courts have held that "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 117 (3d Cir. 2000). Moreover, the Court questions whether the due-process claims are ripe given the alleged failure to pursue the administrative remedies.

Although the parties have mostly grouped the analysis for Mr. Jackson and the Noels, their claims and the facts supporting them are different. Thus, the parties must explore the ripeness issues separately as to each due-process claim asserted by Mr. Jackson and the Noels. For example, the Noels say the City never responded after they supplemented the information necessary for the adjustment they sought to their water bill. Mr. Jackson makes no such claim. And if the City has not taken no final action, is there a property deprivation for which the Noels have been denied due process? In other words, is that claim ripe? Finally, if they failed to follow the City's published grievance procedures for disputed bills, can they claim those procedures are deficient? Similar analysis should be applied to each claim.

II.     Property Interests

Assuming a ripe procedural-due-process claim exists, the next underexplored issue is whether Mr. Jackson or the Noels have pleaded a cognizable property interest. "Property interests are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings." *Blackburn v. City of Marshall*, 42 F.3d 925, 936–37 (5th Cir. 1995) (citation omitted). And here, Plaintiffs claim property interests in timely and accurate meter readings and timely and accurate water bills premised on the City's "bill of rights," which states: "A water and sewer ratepayer has the right to receive a timely and accurate bill for their water


consumption . . . based upon timely and accurate meter readings." Jackson, Ms., Code of Ordinances ch. 122, art. 1, § 122-44(d).

The City offers a conclusory assertion that this ordinance creates no property interests, but it will need a more substantive argument—supported by legal authority—explaining why no such interests exist.  For example, the Court is not yet persuaded that *Westbrook v. City of Jackson*, is sufficiently on point.  772 F. Supp. 932, 934 (S.D. Miss. 1991).  The City cites *Westbrook*, but only superficially.  There, Judge Lee concluded that the plaintiff enjoyed no property interest in fire protection supported by a new water line "because the ordinance [creating that right did] not grant to plaintiffs as individuals, a specific right to these services." *Id.* at 940.  In other words, an ordinance that provides services to the general public creates no individual property interests under due-process analysis.  *Id.*  Here, the ordinance is limited to those citizens who contracted for water services from the City.

While the Court has some misgivings whether a consumer of the City's water has a property interest in a timely and accurate bill, the parties will need to provide more persuasive analysis and authority on this issue.

III.    Notice and an Opportunity to be Heard

If Plaintiffs have pleaded a colorable property interest, then the Court considers "whether the procedures attendant upon" the deprivation of their property "were constitutionally sufficient." *Thompson*, 490 U.S. at 460.  In this regard, due process normally requires notice and an opportunity to be heard.  *See LaChance v. Erickson*, 522 U.S. 262, 266 (1998).

Like the ripeness issue, the notice issue is different for Mr. Jackson than it is for the Noels.  Mr. Jackson claims that he was denied a timely bill, but he certainly knew that he was not receiving the bills.  To the extent he claims the bill was excessive, he knew that when he

received it.  These circumstances seem different from those where the state takes property without the plaintiff's knowledge or the opportunity to be heard.  The Noels, on the other hand, received a letter explaining that their request for an adjustment was incomplete, though they claim that the City has taken no action since then.  The parties are instructed to substantively, and separately, address the notice issue as to each alleged deprivation.  The parties should further address whether these separate claims reflect an opportunity to be heard.

IV.	Conclusion

The City is instructed to file a substantive memorandum addressing these issues no later than August 16, 2021.  The response and the reply will be due under the deadlines provided in Uniform Local Rule 7(b).

**SO ORDERED AND ADJUDGED** this the 3rd day of August, 2021.

<div style="text-align:right">s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE</div>